```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
COLIN A. ROACH,

                    Petitioner,                    MEMORANDUM & ORDER
                                                   10-CV-2058(JS)
        -against-

ERIC HOLDER, et al.,

                    Respondent.
----------------------------------------X
```
APPEARANCES:
For Petitioner:     Colin A. Roach, Pro Se
                    418 Beach 48th Street
                    Far Rockaway, NY 11691

For Respondent:     No appearances

SEYBERT, District Judge:

Pending before the Court is the pro se Petition of Plaintiff Colin A. Roach ("Petitioner"), filed pursuant to 28 U.S.C. § 2241. Petitioner moves, by Order to Show Cause, to stay his deportation for his previous conviction of possession of controlled substances. For the reasons that follow, Petitioner's case is DISMISSED for lack of subject matter jurisdiction.

## BACKGROUND

On or around November 12, 2004, Petitioner was arrested by the Nassau County Police Department and later convicted of criminal possession of crack cocaine and marijuana. Pursuant to an Order of Deportation dated August 16, 2007, Petitioner is scheduled to be deported on May 12, 2010. Petitioner has repeatedly filed applications in this Court, and each of these cases has been dismissed.[1] Most recently, the Court dismissed

---

[1] See Roach v. U.S. Attorney General (09-CV-1471), Roach v. Reilly, (08-4002), and Roach v. U.S. Attorney General (08-CV-1816).

Petitioner's previous § 2241 Petition, and transferred the case to the Western District of Texas, because this Court lacked jurisdiction to hear that case while he was still in custody in Texas.

DISCUSSION

I. Standard Of Review

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," courts must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

II. Subject Matter Jurisdiction Under 8 U.S.C. § 1252

Section 1252(a)(2)(C) provides:

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) or 1227(a)(2)(A)(iii), (B), (C), or (D) of this title, or any offense covered by section 1227(a)(2)(A)(ii) of this title for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 1227(a)(2)(A)(i) of this title.

8 U.S.C. § 1252. The relevant offense for purposes of this case is contained in § 1227(a)(2)(B). That Section provides:

(B) Controlled substances

(i) Conviction

2

> Any alien who at any time after admission has been
> convicted of a violation of (or a conspiracy or
> attempt to violate) any law or regulation of a State,
> the United States, or a foreign country relating to
> a controlled substance (as defined in section 802 of
> Title 21), other than a single offense involving
> possession for one's own use of 30 grams or less of
> marijuana, is deportable.

8 U.S.C. § 1227(a)(2)(B). Finally, Sections 802 and 812 of Title 21 define controlled substance as including crack cocaine. See 21 U.S.C. §§ 802, 812 (Schedule II).

As a basis for his current Petition, Roach disputes the legality of his conviction for possession of marijuana. His conviction of marijuana possession, however, is inconsequential for purposes of this case. In other words, the Court lacks jurisdiction to entertain his Petition because of his conviction of criminal possession of crack cocaine, not because of his conviction for possession of marijuana.

## CONCLUSION

Based on the foregoing, this Court lacks jurisdiction to hear Petitioner's case. Petitioner's Order to Show Cause is DENIED, the Petition is DENIED, and the Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  May 11, 2010
        Central Islip, New York